IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATLAS COMMUNICATIONS, LTD., | : |
| Plaintiff. | : CIVIL ACTION NO. 02-CV-2683 |
| v. | : |
| SAKON, LLC., | : |
| Defendant. | : |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

### ANSWER

For its Answer in the above-captioned matter, Defendant Sakon, LLC ("Sakon"), hereby alleges the following:

**I.    Introduction**

1. This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

**II.   Parties**

2. Admitted in part, denied in part. It is admitted that Plaintiff is a telecommunications company. In all other respects, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations, and the allegations of this Paragraph are therefore denied.

3. Admitted.

**III.    Jurisdiction and Venue**

    4.    This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

    5.    This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

**IV.    Facts**

    6.    Admitted.

    7.    Denied. Exhibit A is a writing that speaks for itself, and any attempt to characterize it is specifically denied.

    8.    Denied. Exhibit B is a writing that speaks for itself, and any attempt to characterize it is specifically denied.

    9.    Admitted in part, denied in part. It is admitted that the parties would, as a matter of practice, compare amounts owed to each other for each month and, as an accounting matter, the party that was the net debtor would subtract the amount owed by the net creditor and send an appropriate check. In all other respects the allegations of this Paragraph are denied.

    10.    Admitted. By way of further answer, the parties' relationship did not oblige them to enter into an "Offset Agreement" to be entitled to an offset.

    11.    Denied.

    12.    Denied. Exhibits C and D are writings that speaks for themselves, and any attempt to characterize them are specifically denied.

    13.    Denied. Exhibits C and E are writings that speaks for themselves, and any attempt to characterize them are specifically denied. By way of further denial, Sakon denies that it owes Atlas unpaid balances.

14. **[to be filled in]**

15. **[to be filled in]**

16. Denied. Exhibit F is a writing that speaks for itself and any attempt to characterize it is specifically denied. In all other respects, the allegations of this Paragraph are denied.

17. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of this Paragraph, and the allegations are therefore denied.

18. Denied. It is denied that no reasonable explanation was offered to Atlas justifying Sakon's decision to stop payment on the check. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this Paragraph, and the allegations are therefore denied.

19. Admitted.

20. Admitted in part, denied in part. It is denied that $62,895.58 constitutes unpaid balances owed to Plaintiff. In all other respects, the allegations of this Paragraph are admitted.

21. **[to be filled in]**

22. Denied.

## Count I

23. Defendant repeats and realleges the responses to Paragraphs 1 through 22 as if fully set forth herein.

24. This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

25. Denied.

26. This Paragraph alleges legal conclusions to which no response is required. To the

extent this Paragraph contains factual allegations, those allegations are denied.

### Count II

27. Defendant repeats and realleges the responses to Paragraphs 1 through 26 as if fully set forth herein.

28. This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

29. Denied.

30. This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

### Count III

31. Defendant repeats and realleges the responses to Paragraphs 1 through 30 as if fully set forth herein.

32. This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

33. This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

34. This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

35. This Paragraph alleges legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the doctrines of unclean hands.

3. The Complaint is barred by the doctrines of waiver, estoppel, and laches.

4. The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

5. The Complaint is barred because Defendants are entitled to an offset.

6. The Complaint is barred because of failure of a condition precedent.

7. The Complaint is barred because Plaintiff is liable for anticipatory breach.

WHEREFORE, Defendant Sakon, LLC, respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's Complaint, and award Sakon its attorney's fees, costs, and such other relief as the Court deems just and proper.

## COUNTERCLAIM

For its Counterclaim, Sakon, LLC ("Sakon"), hereby alleges as follows:

1. The foregoing Answers and Affirmative Defenses are hereby incorporated as if fully set forth herein by reference.

2. Sakon files this Counterclaim because Atlas Communications, Ltd. ("Atlas"), has failed and refused to pay amounts owed to Sakon for services performed by Sakon pursuant to Sakon's contract with Atlas. In addition, Sakon has suffered damages as a result of Atlas's unilateral termination of services under a contract without warning, contrary to the express termination provisions of the contract. These breaches of contract by Atlas have caused Sakon substantial harm.

## JURISDICTION AND VENUE

3. Sakon is a limited liability corporation incorporated in the State of Delaware with its principal place of business in Fort Lee, New Jersey.

4. Atlas is, on information and belief, a corporation incorporated in Pennsylvania

with its principal place of business in Blue Bell, Pennsylvania.

5. Venue is appropriate in this district because Plaintiff has brought a substantially related claim in this matter in this forum. In addition, a substantial portion of the events giving rise to this litigation occurred in Blue Bell, PA, where, on information and belief, Atlas is headquartered.

## FACTS

**I.    ATLAS'S BREACHES UNDER THE CARRIER AGREEMENT**

6. Atlas and Sakon are telecommunications companies that provide access to international telecommunications lines to telephone companies.

7. From time to time in the industry, wholesalers of international telecommunications services provide access to other wholesalers and mark up the price of the minutes used, effectively acting as a middleman making a profit on the transaction. These agreements with fellow wholesalers allow the purchasing wholesaler to expand geographically its offerings for the benefit of the wholesalers' customers, typically long distance carriers.

8. On or about December 23, 1999, Sakon and Atlas entered into an agreement of this type, the Carrier Agreement, a true and correct copy of which is attached as **Exhibit A** and is incorporated herein by reference (the "Carrier Agreement").

9. Pursuant to the terms of that Agreement, Sakon agreed to provide "dedicated switched telecommunications service" to Atlas. Those services involved "provid[ing] telecommunications services and facilities to Atlas to route Atlas's telecommunications traffic to various destinations around the world."

10. The Carrier Agreement allowed Atlas to expand its telecommunications offerings to its customers by increasing the quantity and geographic scope of its services. Specifically,

Atlas sent voice traffic that it was unable to service over its own telecommunications lines over lines offered by Sakon. That was a valuable benefit for Atlas.

11. The Carrier Agreement also provided, *inter alia*, that payment from Atlas to Sakon was due "without right of offset or adjustment."

12. From on or about January 2000 through March 15, 2002, Atlas sent Sakon international voice traffic. Sakon transported Atlas's voice traffic over Sakon's lines and using Sakon's services. Sakon performed its obligations under the Carrier Agreement without any material breach of the agreement.

13. Consistent with the parties' practice since the commencement of their relationship under the Carrier Agreement, and the terms of the Agreement, Sakon billed Atlas for Atlas voice traffic sent over Sakon's lines during the period from February 17, 2002, and March 16, 2002. True and correct copies of the invoices for these services are attached hereto, and fully incorporated herein, as **Exhibit B**.

14. The rates that Sakon charged were consistent with the prescriptions of the Carrier Agreement. The services provided were consistent with the Carrier Agreement, the invoices were in keeping with the Carrier Agreement, and Atlas did not dispute the validity of any of the charges.

15. Despite repeated demands by Sakon that Atlas pay for services rendered pursuant to the Carrier Agreement, Atlas has refused and failed to pay. It has offered no legitimate justification for its delinquencies.

## II.   ATLAS'S BREACHES UNDER THE CARRIER DEDICATED SERVICES AGREEMENT

16. On or about June 18, 2000, Sakon and Atlas entered into a Carrier Dedicated Services Agreement, a true and correct copy of which is attached hereto as **Exhibit C** and is incorporated herein by reference.

17. Under the terms of that Agreement, Atlas was to route Sakon's calls using Atlas's international telecommunications lines (or a third party's lines, at Atlas's discretion).

18. The rates Atlas was to charge under that Agreement are listed in the rates sheets of Schedule D-1 the the Agreement, attached hereto as **Exhibit D**.

19. Throughout the course of the contract, Atlas submitted rates sheets describing and/or amending the per minute International Voice termination rates applicable to each available destination.

20. The Agreement provided, *inter alia*, that Atlas reserved the right to modify charges and rates with five days notice to Sakon.  The Agreement did not provide for termination of the Agreement by Atlas without cause or notice to Sakon.

21. On or about March 15, 2002, Atlas disconnected all connectivity, without any notice, cause, or warning to Sakon.  As a result, Sakon was forced to either send the minutes intended for Atlas routes to other, higher-priced carriers to cover its damages for Atlas's breach, and/or reject carrier orders for the termination of minutes as a result of the loss of Atlas routes.

### COUNT I – BREACH OF CARRIER AGREEMENT

22. Sakon repeats and realleges all of the foregoing allegations as if fully set forth herein.

23. Under the Carrier Agreement, Atlas was required to pay Sakon for all Atlas

traffic Sakon permitted on Sakon's lines.

24. Atlas was billed for using Sakon's services at previously agreed-to rates.

25. Despite repeated demands for payment, Atlas has failed to pay Sakon in accordance with the terms of the Carrier Agreement.

26. Specifically, Atlas has failed to pay Sakon for the legitimate, due, and owing invoices attached as Exhibit A.

WHEREFORE, Sakon respectfully requests that the Court enter judgment in an amount to be determined at trial, plus attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT II – BREACH OF CARRIER DEDICATED SERVICES AGREEMENT

27. Sakon repeats and realleges all of the foregoing allegations as if fully set forth herein.

28. Under the provisions of the Carrier Dedicated Services Agreement, Atlas was to provide services for Sakon, specifically the use of Atlas's telecommunications lines for Sakon's long distance voice traffic. In reliance on that Agreement, Sakon priced these services to its customers.

29. Without notice, warning, or justification Atlas breached the Agreement on or about March 15, 2002, by abruptly shutting off all services to Sakon.

30. Sakon was forced to use higher priced carriers for these services and/or reject orders from its customers, carriers seeking long distance minutes, as a result of Atlas's breach.

31. Consequently, Sakon has suffered damages in the form of a loss of profits, loss of revenues, additional administrative and manpower costs entailed in rerouting calls, and damage to its reputation in the industry.

WHEREFORE, Sakon respectfully requests that the Court enter judgment in an amount to be determined at trial, plus attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT III – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

32. Sakon repeats and realleges all of the foregoing allegations as if fully set forth herein.

33. The foregoing acts constitute breaches of the duty of good faith and fair dealing.

34. Specifically, Atlas's failure to pay for Sakon's license to use Sakon's telecommunications lines deprives Sakon of the benefit of Sakon's bargain under the Carrier Agreement.

35. Additionally, Atlas's abrupt discontinuation of services provided to Sakon under the Carrier Dedicated Services Agreement without notice, warning, or justification deprived Sakon of the benefit of the bargain that Sakon negotiated in the Carrier Dedicated Services Agreement.

WHEREFORE, Sakon respectfully requests that the Court enter judgment in an amount to be determined at trial, plus attorneys' fees, costs, and such other relief as the Court deems just and proper.

WHEREFORE, Defendant Sakon, LLC respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's Complaint, and award Sakon its attorneys' fees, costs, and such other relief as the Court deems just and proper.

        KLEINBARD, BELL & BRECKER LLP

        Attorneys for Defendant/
        Counterclaim Plaintiff Sakon, LLC

        _____
        Judd A. Serotta
        1900 Market Street
        Suite 700
        Philadelphia, PA 19103
        215-568-2000

Dated: June 12, 2002

## CERTIFICATE OF SERVICE

I, Judd A. Serotta, hereby certify that on May 29, 2002, I served the foregoing Answer, Affirmative Defenses, and Counterclaim on the following counsel by U.S. first-class mail, postage prepaid:

George Bochetto, Esquire
1524 Locust Street
Philadelphia, PA 19102

Attorneys for Plaintiff/Counterclaim Defendant
Atlas Communications, Ltd.

_____

Judd A. Serotta