IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ATLAS COMMUNICATIONS, LTD., | : | |
| Plaintiff. | : | CIVIL ACTION NO. 02-CV-2683 |
| v. | : | |
| SAKON, LLC, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this \_\_\_\_ day of _____, 2002, having reviewed Atlas Communications, Ltd.'s Motion to Dismiss, its Memorandum of Law, and Sakon LLC's Memorandum of Law in Opposition thereto, it is hereby ORDERED and DECREED that said Motion is DENIED.

FOR THE COURT:

_____
Thomas N. O'Neill, Jr., J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ATLAS COMMUNICATIONS, LTD., | : : : | |
| Plaintiff. | : : | CIVIL ACTION NO. 02-CV-2683 |
| v. | : | |
| SAKON, LLC, | : : | |
| Defendant. | : : | |

**DEFENDANT/COUNTERCLAIM PLAINTIFF SAKON, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
COUNTS II AND III OF COUNTERCLAIM**

Defendant Sakon, LLC ("Sakon") files this Opposition to Plaintiff Atlas Communications, Ltd.'s ("Atlas") Motion to Dismiss Counts II and III of Sakon's Counterclaim against Atlas because Atlas's interpretation of Pennsylvania law is both mistaken and illogical. Atlas's contention that it is permitted to relieve itself of any potential liability whatsoever for its breaches has no support in the case law, and is contrary to well-established Pennsylvania precedent.

**I. INTRODUCTION**

Atlas and Sakon are companies that supply international long-distance telecommunications services. This litigation arises from the parties' respective claims that they are owed payments for services provided to each other, and from Sakon's damages incurred as a result of Atlas's breach of its contract to provide services to Sakon.

Atlas has moved to dismiss the portion of Sakon's Counterclaim relating to Atlas's breach of its contract to provide telecommunications services (the "Carrier Dedicated Services

1

Agreement" or the "Agreement"). Atlas claims that a provision in the Agreement that disclaims any and all liability in the event of a breach controls, and that Sakon therefore cannot allege any damages. Under Pennsylvania law, Atlas is not allowed to shield itself entirely from any and all liability for breaching a contract, as it seeks to do here. While Atlas is permitted to include a clause limiting Atlas's liability, the clause is not permitted to be so drastic that Atlas has no contractual incentive to comply with its contractual obligations. The provision upon which Atlas relies here is therefore void as against public policy, and the motion to dismiss Counts II and III of the Counterclaim must be denied.

## II.   ARGUMENT

### A.   Motion to Dismiss Standard

Atlas seeks the dismissal of Counts II and III of the Counterclaim based on Federal Rule of Civil Procedure 12(b)(6). Under that rule the Court must "accept as true all the allegations set forth in the complaint and … draw all reasonable inferences in the plaintiff's favor." *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 604 (3d Cir. 1998). The Motion to Dismiss should only be granted if Sakon "can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

### B.   Atlas's Motion to Dismiss and Article 4 of the Agreement

Atlas seeks the dismissal of Counts II and III of Sakon's Counterclaim. Count II seeks damages resulting from Atlas's abrupt shutdown of the long distance telecommunications services it provided to Sakon in violation of the Agreement. Count III relates to Atlas's breach of the duty of good faith and fair dealing exemplified by the termination of those services.

In its motion to dismiss, Atlas claims that it can have no liability to Sakon because of Article 4 of the Agreement ("Article 4"). Article 4 provides, in pertinent part, that "IN NO

2

EVENT WILL ATLAS BE LIABLE TO CUSTOMER . . . FOR ANY DAMAGES WHETHER DIRECT, INDIRECT, CONSEQUENTIAL, SPECIAL, INCIDENTAL, ACTUAL, PUNITIVE, EXEMPLARY OR OTHERWISE."  (all capitals in original).

Atlas argues that by including this provision in the contract, Atlas cannot be liable for *any* damages resulting from its failure to provide the services prescribed by the Agreement.  In other words, Atlas's obligations under the Agreement are essentially advisory; Atlas can violate the terms of the Agreement with impunity.  It appears that there are no circumstances under which, if Article 4 were enforceable, Atlas could ever be successfully sued for breaching the Agreement.

### C. A Contractual Provision Removing All Potential Liability for a Breach of Contract Is Not Enforceable.

Atlas argues that damage limitation clauses are enforceable under Pennsylvania law, and this provision must therefore be enforced.  But Article 4 is not a damage limitation clause.  It is a damage *insulation* clause that removes all possibility of stating a claim for damages in the event of Atlas's breach of the Agreement.  That type of contractual provision is generally not enforceable in Pennsylvania.

The leading case in this area is *Valhal Corp v. Sullivan Associates, Inc.*, 44 F.3d 195 (3d Cir. 1995).  In that case, the Third Circuit pointed out that "Pennsylvania appellate courts recognize that there are differences between a contract which *insulates* a party from liability and one which merely *places a limit* upon that liability." *Id.* at 203 (emphasis added).  It is clear that Article 4 is of the former type, not the latter.

The *Valhal* court continued, holding that "limitation of liability clauses are not disfavored under Pennsylvania law . . . *[s]o long as the limitation which is established is reasonable and not so drastic as to remove the incentive to perform with due care. . . .*" *Id.* at

3

203-4 (emphasis added). The court concluded that the difference between the insulation and limitation "concepts is . . . a real one." *Id*. The court outlined the proper test to determine whether a limitation of liability clause is enforceable. "The inquiry must be whether the cap is so minimal . . . as to negate or drastically minimize [the defendant's] concern for the consequences of a breach of its contractual obligations." *Id.*

In the present case, Atlas's purported liability "cap" is zero: because of Article 4 there are apparently no circumstances in which Atlas would ever face any consequences of its breach. Thus, the limitation established here is *not* reasonable. Or, at a bare minimum, it is inappropriate at this stage of the litigation to determine as a matter of law that this limitation is reasonable, and the motion to dismiss must be denied. *See also Moscony v. Quaker Farms, LP*, No. Civ. A. 00-2285, 2000 WL 1801853 (E.D.Pa. Dec. 8. 2000) (same); *Valley Forge Convention & Visitors Bureau v. Visitor's Services, Inc.*, 28 F.Supp.2d 947, 950 (E.D.Pa. 1998) (Waldman, J); *Consolidated Capital Equity Partners/Two v. Rubin*, Civ. A. No. 95-5807, 1997 WL 197258 (E.D.Pa. Apr. 21, 1997) at *4-5 (same); *Polymer Dynamics, Inc. v. Bayer Corp.*, Civ. A. No. 99-4040, 2000 WL 1146622 (E.D.Pa. Aug. 14, 2000) at *9 (same). *Cf.* 13 Pa.C.S.A. § 2719, cmt. 1 (conforming to Uniform Commercial Code § 2-719, and noting that "it is the very essence of a sales contract that at least minimum adequate remedies available. If the parties intend to conclude a contract for sale within this Article they must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract.").

Judge Padova addressed a virtually identical liability insulation clause in *Furniture Unlimited, Inc. v. Lineage Home Furnishings, Inc.*, Civ A. No. 94-6276, 1995 WL 92381 (Mar. 2, 1995). In that case, the plaintiff alleged that the defendant had breached the parties'

agreement and was liable for lost profits, the costs of cover, and other damages. The defendant countered that the plaintiff could not recover any damages because of the limitation of liability clause. That clause provided, in pertinent part, that "[u]pon termination of this Agreement in any manner and for any cause, Lineage shall not be liable to [Unlimited] for compensation or for damages of any kind or character whatsoever . . . whether on account of the loss by [Unlimited] of present or prospective profits . . . or on account of any other cause or thing whatsoever." *Id.* at *2 (emphasis omitted).

 Citing the limitation clause, the defendant in *Furniture Unlimited* moved to dismiss the breach of contract claim. The court denied the motion to dismiss. It explained that the "Agreement purportedly limits Lineage's liability to zero, and thus seemingly removes Lineage's incentive to perform with due care. I cannot determine in the context of the motion to dismiss whether the purported limitation is reasonable, and therefore I shall not grant the motion based on the limitation of liability clause." *Id.* at *2. *Cf. C.P. Cook Coal Co., Inc. v. Browning-Ferris, Inc.*, Civ. A. No. 93-CV-7085 (E.D.Pa. Apr. 26, 1995) (denying summary judgment based on a limitation of liability clause, citing *Valhal*, because "[w]ith the information that has been presented to us by defendant at this point we cannot make . . . a determination" as to the reasonableness of the limitation clause). In the present case, as well, there is no evidence in the record that the limitation clause is reasonable, and in light of the heavy burden borne by the moving party at this stage, the motion to dismiss must be denied.

5

### D. Atlas's Case Citations Are Inapposite.

Atlas cites numerous cases in support of its claim that "[c]onsequential and incidental damage waivers are fully enforceable," Memorandum at 4. But, as we have seen, Article 4 is not merely a waiver of consequential and incidental damages, but a waiver of *all* damages. Thus, Atlas's case support is inapplicable here. *See, e.g., Lobianco v. Property Protection, Inc.*, 437 A.2d 417 (Pa. Super. 1981) (cited at Memorandum 4).

In addition, two of Atlas's citations are to sales contracts to be construed under the Uniform Commercial Code (and its breach of warranty provisions, not its breach of contract provisions), which does not apply here because the Agreement is for services, not the sale of goods. *See K&C, Inc. v. Westinghouse Electric Corp.*, 263 A.2d 390 (Pa. 1970) (cited at Memorandum 5); *Lobianco*. In *Bash v. Bell Telephone Co.*, 601 A.2d 825 (Pa. Super. 1992), the court did not dismiss the plaintiff's breach of contract count, only the negligence count. Sakon, by contrast, has not pled a negligence count. Similarly, *Valeo v. Pocono Int'l Raceway, Inc.*, 500 A.2d 492 (Pa. Super. 1985) (cited at Memorandum 5), relates to a negligence claim, not a breach of contract claim. Finally, *Todd Heller, Inc. v. United Parcel Service, Inc.*, 754 A.2d 689 (Pa. 2000), was brought under the law of limitation of liability for common carriers, which is based on federal common law peculiar to common carriers, and is therefore unrelated to Pennsylvania law governing service contracts. Thus, Atlas's citations are not helpful to its Motion to Dismiss.

### E. Count III for Breach of the Duty of Good Faith and Fair Dealing Must Not Be Dismissed.

Atlas has offered no reasons for dismissing Count III beyond Article 4 of the Agreement. On its face, however, Article 4 extends only to the terms of the Agreement itself. The duty of good faith and fair dealing, however, is an extra-contractual requirement that relates to the "obligation to act in good faith in the performance of contractual duties." *Somers v. Somers*, 613

6

A.2d 1211, 1213 (Pa. Super. 1992). Thus, even if the limitations of Article 4 were enforceable to eliminate Atlas's liability on the explicit terms of the contract (and they are not), the duty of good faith and fair dealing is an implied term that cannot be avoided by contract. "Fundamentally, every contract imposes upon the parties a duty of good faith and fair dealing in their performance and enforcement of the contract." *Liazis v. Kosta, Inc.*, 618 A.2d 450 (Pa. Super. 1992). *See also Solomon v. United States Healthcare Systems of Pennsylvania, Inc.*, 797 A.2d 346, 351 (Pa. Super. 2002) (same); *Donohue v. Federal Express Corp.*, 753 A.2d 238, 242 (Pa. 2000) (same). Since every contract imposes this duty on the parties, it cannot be avoided by a device like Article 4.

### III.   CONCLUSION

For all of these reasons, Atlas's Motion to Dismiss must be denied, and Counts II and III of the Counterclaim should survive.

Respectfully submitted,

_____
Lisa E. Brody
Judd A. Serotta
KLEINBARD, BELL & BRECKER LLP
1900 Market Street
Suite 700
Philadelphia, PA 19103
215-568-2000

Attorneys for Defendant/
Counterclaim Plaintiff Sakon, LLC

Dated: July 12, 2002

**CERTIFICATE OF SERVICE**

    I, Judd A. Serotta, hereby certify that on July 12, 2002, I served the foregoing Opposition to Plaintiff's Motion to Dismiss Counts II and III of Counterclaim on the following counsel by facsimile and U.S. first-class mail, postage prepaid:

        George Bochetto, Esquire
        BOCHETTO & LENTZ, P.C.
        1524 Locust Street
        Philadelphia, PA 19102

        Attorneys for Plaintiff/Counterclaim Defendant
        Atlas Communications, Ltd.

                _____
                        Judd A. Serotta